**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILMINGTON TRUST, NATIONAL                  : Case No. 1:25-cv-07662
ASSOCIATION, AS TRUSTEE FOR THE             :
REGISTERED HOLDERS OF BANC OF AMERICA :
MERRILL LYNCH COMMERCIAL MORTGAGE    :
INC., MULTIFAMILY MORTGAGE PASS-            :
THROUGH CERTIFICATES, SERIES 2021-KF116, :
                                                              :
                          Plaintiff,                          :
                                                              :
              vs.                                             :
                                                              :
KINGSBRIDGE REALTY ASSOCIATES LLC,          :
KINGSBRIDGE REALTY II LLC, OLINVILLE        :
REALTY LLC, OLINVILLE REALTY II LLC,        :
UNDERHILL REALTY LLC, JOEL WIENER, and      :
"JOHN DOE" NOS. 1-25,                       :
                                                              :
                          Defendants.                         :
                                                              :
The Names of the "John Doe" Defendants Being :
Fictitious and Unknown to Plaintiff, the Persons and :
Entities Intended Being Those Who Have Possessory :
Liens or Other Interests in, the Premises Herein
Described.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure AND Rule 502 of the

Federal Rules of Evidence, IT IS HEREBY STIPULATED AND AGREED, by and among

Plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Banc

of America Merrill Lynch Commercial Mortgage Inc., Multifamily Mortgage Pass-Through

Certificates, Series 2021-KF116 ("Plaintiff") and Defendants Kingsbridge Realty Associates LLC,

Kingsbridge Realty II LLC, Olinville Realty LLC, Olinville Realty II LLC, Underhill Realty LLC,

1

and Joel Wiener (collectively, "Defendants"; and together with Plaintiff, the "Parties", each a "Party"), by and through their undersigned counsel:

1.      The provisions of this Confidentiality Stipulation and Protective Order ("Confidentiality Order") shall govern the production and handling of all information, material, and documents (in electronic form or otherwise) disclosed during the course of this action (the "Action") by Plaintiff or Defendants, or by any non-party, including in connection with any subpoena issued to non-party, depositions, interrogatories, requests for admissions, production of documents for inspection and copying, correspondence between the Parties, and submissions to the Court ("Protected Material").

2.      As used herein:

a.      "Producing Party" shall mean any Party or any non-party producing Protected Material.

b.      "Receiving Party" shall mean any Party or any non-party receiving Protected Material.

3.      <u>Designation of Information as CONFIDENTIAL</u>.  Any Party or non-party may designate as "CONFIDENTIAL" any Protected Material that the Producing Party (or its counsel) reasonably and in good faith believes to be confidential, including, but not limited to, the following documents and tangible things produced or otherwise exchanged: personal information; medical records; information implicating an individual's legitimate expectation of privacy; trade secrets; taxes or other financial records; accounting or financial statements (not including publicly available statements); commercial, financing, pricing, budgeting, revenue, profit, or accounting information; information about existing and potential customers; marketing studies and projects; business strategies, decisions, or negotiations, compensation, evaluations, and employment

2

information; proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships; any other financial, commercial, proprietary, or other business information that is non-public and sensitive in nature; sensitive and/or confidential consumer information; or any other information whose disclosure could cause an invasion of privacy or competitive business harm.

4.      Designation of Information as CONFIDENTIAL—ATTORNEY'S EYES ONLY. A Party may designate as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" any Protected Material that the Producing Party (or its counsel) reasonably and in good faith believes to contain highly sensitive and/or proprietary information, including but not limited to documents or information reflecting, containing, or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing, or customer information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL," could compromise and/or jeopardize the Producing Party's competitive business interests and thus warrants extraordinary protections.

5.      The protections conferred by this Confidentiality Order cover not only Protected Material, but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of the Protected Material; and (c) any testimony, conversations, submissions, or presentations by the Parties or their counsel that might reveal Protected Material.   Notwithstanding the foregoing, the protections conferred by this Confidentiality Order do not cover information that is already in the public domain or becomes part of the public domain through trial or otherwise.

6.    <u>Manner of Designation</u>.    The designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" for the purposes of this Confidentiality Order shall be made in the following manner:

a.    in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) within 30 days  of receiving a final deposition transcript, send a written notice to counsel for all parties to this litigation identifying the portions of the testimony to which the designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend reflecting the appropriate designation to the first page and all designated portions of the transcript, including all copies thereof; if a party indicates at a deposition that the confidential information has been disclosed in the deposition, the transcript in its entirety shall be treated as confidential information for 30 days following receipt of the final deposition transcript. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing confidential information.

b.    in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses to the extent that the interrogatory at issue requests information pertaining to Protected Material; (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses; and (iii) affix the legend reflecting the appropriate designation to each page of that addendum;

4

  c.  in the case of Protected Material produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend reflecting the appropriate designation to such electronic storage medium and each page or unit of material; or

  d.  in the case of Protected Material produced in hard copy, the Producing Party shall affix the legend reflecting the appropriate designation to each page so designated.

  e.  in the case of Protected Material contained in submissions to the Court or in correspondence between the Parties, the Producing Party shall affix the legend reflecting the appropriate designation to each page so designated and/or clearly indicate by use of the legend any Protected Material quoted or referenced.

7. Protected Material, information derived therefrom, or any other documents or materials reflecting or disclosing any Protected Material may only be used in this litigation and shall not be used for any other purpose.

8. <u>Disclosure of Protected Material Designated "CONFIDENTIAL"</u>. Protected Material designated "CONFIDENTIAL," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

  a.  the Court and Court personnel, as appropriate;

  b.  witnesses, deponents or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

c.      each Party and its employees, officers, directors, representatives, members, and affiliates; provided that, such persons are assisting the Party with, or otherwise involved in, this Action;

d.      each person identified in the Protected Material as an author or recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Protected Material was sent or otherwise made available prior to this Action;

e.      Court reporters or videographers, professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this Action to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

f.      counsel for the Parties and counsel for any non-party that is a Producing Party or a Receiving Party, including in-house and outside counsel, legal assistants and other staff;

g.      any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

h.      experts, including necessary staff, retained by a Party or its counsel in connection with this Action to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

i.      any other person only upon order of the Court or with the written consent of the Producing Party.

9.      Every person given access to Protected Material designated "CONFIDENTIAL," information derived therefrom, or any other documents or materials reflecting or disclosing such material, shall be advised that it is being disclosed pursuant and subject to the terms of this Confidentiality Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons listed in Paragraph 8, subsections (b), (e), or (g)-(i) to whom a Party provides access to Protected Material designated "CONFIDENTIAL," information derived therefrom, or any other documents or materials reflecting or disclosing any such material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Confidentiality Order.

10.     Disclosure of Protected Material Designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY".   With respect to Protected Material designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY," the documents and materials, and the information contained therein, shall be kept confidential and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than a person or entity enumerated in Paragraph 8, subsections (a), (d), (e), (f), (g), and (h), except with the express written consent of the Producing Party.   Accordingly, whenever any documents, information, or other materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY."   All persons listed in Paragraph 8, subsections (e), (g), or (h) to whom a Party provides access to Protected Material designated "CONFIDENTIAL—

ATTORNEYS EYES ONLY," information derived therefrom, or any other documents or materials reflecting or disclosing any such material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Confidentiality Order.

11. <u>Artificial Intelligence (Generative AI)</u>. A Receiving Party shall not submit a Producing Party's Protected Material into any open generative artificial intelligence ("AI") tool that is available to the public. Protected Material may be submitted to a closed generative AI tool, used within the Receiving Party's firm or by a retained vendor, provided that the AI tool's settings (a) prevent the tool from learning the Protected Material or otherwise using such data to train or improve models accessible to other customers or the public, or for any other purpose, (b) prevent the tool from disclosing the Protected Material to any third party, including without limitation, other developers or users of the tool, (c) allows for the deletion or destruction of any Protected Material supplied to it or contained in responses generated by it, and (d) contractually and expressly permits the Receiving Party, as a user, with the ability to remove or delete Protected Information from such AI tool or platform upon request. The Receiving Party must take reasonable steps to ensure such data and all Protected Material is not accessible to unauthorized persons and is deleted or rendered inaccessible in the ordinary course of the tool's data-retention practices after the conclusion of the Action. In the event the Protected Information is provided to an AI tool that cannot be set to prevent disclosure to third parties or to delete or otherwise destroy information submitted to it or generated by it, it shall be considered disclosure to a third party under the terms of this Confidentiality Order.

12.    <u>Filing of Protected Material</u>.  Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," shall, if filed with or presented to the Court, be filed under seal in accordance with Rule 4 of the Court's Individual Rules and Practices in Civil Cases and the Local Rules of the Southern District of New York, unless otherwise ordered by the Court.  In the event that any Protected Material is used in any court proceeding in this Action or any appeal therefrom, said Protected Material shall not lose its status as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," through such use.

13.    <u>Sealing Procedures</u>.  Documents may be redacted or filed under seal only as provided by Rule 4 of the Court's Individual Rules and Practices in Civil Cases:

> <u>Filing Sealed or Redacted Documents</u>. Where a party seeks leave to file a document under seal or in redacted form, the party shall file a letter-motion seeking leave to do so on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. ECF Rules and Instructions. The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal or in redacted form, and should not include confidential information. Any application to file a document under seal or in redacted form must demonstrate that the standards for sealing have been met and specifically address Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and any other controlling authority. The movant also may file a memorandum of law and an affidavit or affidavits in support of the request for sealing or redacting. If approval for redactions is sought, the application shall also include a proposed redacted version of the document in question for public docketing.
>
> When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the opposing party or third party must file publicly on ECF, within three business days, a letter explaining the need to seal or redact the document.
>
> In the event there are grounds for sealing or redacting that cannot be publicly disclosed, a party may file under seal on ECF (with appropriate level of restriction) additional briefing further explaining those grounds, along with a justification for the sealing of that briefing.

The subject document, in unredacted form, shall be contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and therefore should not include confidential information sought to be filed under seal.

When a party seeks to file a document in redacted form, the party also shall e-mail to Chambers (CronanNYSDChambers@nysd.uscourts.gov) and to the Courtroom Deputy, Meghan Henrich (Meghan_Henrich@nysd.uscourts.gov) an unredacted copy of the document highlighting the proposed redactions.

14.    Challenging a Confidentiality Designation.  Any Party may challenge, at any time, the designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" by providing written notice to the Party or non-party that designated the Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" that the notifying Party does not concur with the designation.  If the Party or non-party that made the designation does not agree to declassify such document or material within 14 business days, any Party may move the Court for an order changing the classification of, or declassifying, that Protected Material.  During the pendency of such motion, such Protected Material shall continue to be treated according to its designation.  The Producing Party has the burden to show good cause that the documents or materials require continuing protection according to its designation.

15.    Any person receiving Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall exercise reasonable care to prevent any disclosure of such Protected Material other than pursuant to the provisions of this Confidentiality

10

Order.  The Producing Party's rights and remedies with respect to any disclosure of Protected Material in contravention of the provisions of this Confidentiality Order are hereby reserved.

16.    Unauthorized Disclosure.  Protected Material that is disclosed in contravention of the provisions of this Confidentiality Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof.  Upon learning of the disclosure of Protected Material in contravention of the provisions of this Confidentiality Order, the party that made the disclosure shall promptly: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Protected Material; (ii) give written notice to the recipient of the improperly disclosed Protected Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Confidentiality Order and request that the Improper Recipient return the Protected Material; (iv) request, in writing which may be via e-mail, such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; (v) give written notice of the Improper Recipient's response to the Producing Party; (vi) make reasonable good faith efforts to retrieve the improperly disclosed Protected Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vii) give written notice to the Producing Party of the result of such efforts.  The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

17.    Subpoena or Other Legal Process for Protected Material.  If any Receiving Party having received Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEY'S EYES ONLY": (a) is subpoenaed in another action or proceeding, (b) is served with a discovery demand in another action, or (c) is served with any other legal process by a non-party to this litigation seeking Protected Material designated "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEY'S EYES ONLY," the Receiving Party shall, unless prohibited by law, provide actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Producing Party's counsel, who may seek a protective order precluding disclosure. Upon receiving written notice, the Producing Party will have a reasonable opportunity to object to the disclosure, where possible, at least ten (10) days before production or other disclosure of the Protected Material. In no event shall production or disclosure be made before notice is given unless required by court order. If the Producing Party makes a motion to quash or modify the subpoena or order, then the Receiving Party shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion. If no such motion is made, despite notice and a reasonable opportunity to object, the Receiving Party is entitled to comply with the subpoena or order.

18.    Producing Party's Treatment of Protected Material. This Confidentiality Order has no effect upon, and shall not apply to, the Producing Party's use of its own Protected Material for any purpose, unless that Producing Party's own Protected Material is also the Protected Material of any other Party; *provided*, however, any Protected Material which was in the first instance created by or collected for the benefit of the Producing Party shall not become Protected Material of any other Party. Without derogating from the foregoing, nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any Protected Material that was obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden to establish that fact shall be on the Party asserting that the Protected Material was obtained independently and not also the Protected Material of any other Party (other than in the case of Protected Material which was in the first instance created by or collected for the benefit of the

12

Producing Party).   In addition, documents previously filed as exhibits to any pleading or declaration in this action shall not be Protected Material.

20.    No Waiver.   Nothing herein shall require the production of documents, things or other information that any Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

20.    Notice of Inadvertent Disclosure.   This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.   Inadvertent or unintentional disclosure of information subject to the attorney-client privilege, work-product doctrine, bank examination privilege, bank secrecy act, or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of any previously mentioned privilege or other applicable immunity or doctrine, either as to the specific information disclosed or as to the same or related subject matter.   If a Party has produced documents or information that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written or oral request, shall promptly return it within three (3) business days of its discovery of said inadvertent disclosure, including all copies, and promptly destroy any notes concerning it.   The Party Receiving Privileged Material may not refuse to return the material.   Upon receipt of the returned materials, the Producing Party promptly shall provide a written good-faith explanation of the basis for the privilege claim or claim of immunity. If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge.   If the parties cannot resolve the dispute within fourteen (14) business days, the Party Receiving Privileged Material may move the Court for an appropriate order. The Designating Party bears the burden of establishing the privileged nature of any

13

inadvertently produced information or material. The disputed material shall be treated as privileged until a ruling is issued on such motion or other resolution of the dispute. Notwithstanding the foregoing, to the extent there is a dispute regarding the privileged status of Privileged Material, the Privileged Material may be provided to the Court for *in camera* inspection. Under no circumstances shall a Party Receiving Privileged Material have continued access to the Privileged Material in question during the pendency of the motion, nor shall any Privileged Material be included on the publicly available record prior to a determination by the Court that it is improperly designated. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21.    Reservation of Rights. This Confidentiality Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Confidentiality Order or any provisions thereof by properly noticed motion to the Court or to challenge any designations of confidentiality as inappropriate under applicable law.

22.    Continuing Effect of Order. This Confidentiality Order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Confidentiality Order. The provisions of this Confidentiality Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this Action.

23.    Return of Information. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, counsel of record for the Parties shall secure the return of all Protected Material designated

14

"CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and all copies thereof and notes, abstracts or summaries therefrom, including written confirmation to the Producing Party that the Protected Material was deleted from any litigation support or other database, from all persons to whom such materials were disclosed under the terms of this Confidentiality Order, and shall return them to counsel for the Producing Party, except that counsel may retain their work product, copies of Court filings and official transcripts and exhibits, provided that the Protected Material contained therein will continue to be treated as provided herein. Alternatively, a Receiving Party may certify to the Producing Party that all such information has been destroyed.

24.     Amendments.  This Confidentiality Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.  A Party seeking to modify, extend or terminate this Confidentiality Order shall notify opposing counsel and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same.  The Parties may modify, extend or terminate this Confidentiality Order without leave of Court.  However, if a party's request is not agreed to during the conference, or within any such extended period as agreed to by the Parties, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute.

25.     Additional Protections.  Any Party seeking different or additional protection other than as provided herein shall promptly file a motion seeking such additional protection, if the Parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 24, above. Until such motion is resolved by the

Court, any Protected Material already produced for which a Party seeks different or additional protection other than as provided herein shall be made available only to the Receiving Party or attorneys, unless the Court permits otherwise.

26.     Counterparts.  This Confidentiality Order may be executed in counterparts which together shall constitute one document. Any Defendant added by name to this case after the "so ordering" of this Confidentiality Order shall be bound by it without having to execute it.

27.     Discretion of the Court.  The Parties acknowledge that the Court retains discretion as to whether, in Orders or Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential.


/s/     *Aaron B. Lauchheimer*
Aaron B. Lauchheimer
Latisha V. Thompson
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, NY 10022
Tel: (212) 735-8745
alauchheimer@morrisoncohen.com
lthompson@morrisoncohen.com

/s/     *Gary F. Eisenberg*
Gary F. Eisenberg
LaMarte Williams, Jr.
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel: 212.262.6900
GEisenberg@perkinscoie.com
LaMarteWilliams@perkinscoie.com

*Attorneys for Defendants Kingsbridge Realty Associates LLC, Kingsbridge Realty II LLC, Olinville Realty LLC, Olinville Realty II LLC, Underhill Realty LLC, and Joel Wiener*

*Attorneys for Plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Banc of America Merrill Lynch Commercial Mortgage Inc., Multifamily Mortgage Pass-Through Certificates, Series 2021-KF116*


So Ordered:

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE


Date: June 4, 2026

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**


I,_____, as the _____, for and on behalf of _____, including its agents, employees, representatives, contractors, principals, and owners that may receive access to Protected Material declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Protective Order") that was issued by the U.S. District Court for the Southern District of New York  on _____, 20__, *in Wilmington Trust National Association v. Kingsbridge Realty Associates LLC*, Case No. 1:25-cv-07662.  I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including without limitation, in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____


17